UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAVIS BERNARDO KNOWLES,

    Petitioner,

v.
                                      Case No.: 2:20-cv-732-FtM-38MRM

IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Pending before the Court is Petitioner Travis Bernardo Knowles' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed September 24, 2020. (Doc. 1, Petition). Respondent responds to the Petition and asks the Court to dismiss the Petition as moot because Petitioner has been deported. (Doc. 4). The Court finds this matter ripe for review on the record here.

Read liberally, Petitioner, a native and citizen of Bahamas, challenges his continued detention by United States Immigration and Customs Enforcement (ICE) pending deportation as unconstitutional under *Zadvydas v. Davis*[2] because

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held the United States may not indefinitely detain aliens under an order of deportation. To justify detention of aliens for a period of longer than six months, the government has to show removal in the foreseeable future or special circumstances.

he had been detained over 180 days. *See generally* Doc.1. ICE took Petitioner into custody on June 28, 2019. (Doc. 4-2). On October 6, 2020, ICE removed Petitioner from the United States. (Doc. 4-1 at 2).

The Court finds this action must be dismissed as moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Release alone does not automatically moot a petitioner's claim. A petition may continue to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Lopez v. Gonzales,* 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). And an exception to the mootness doctrine also applies when: (1) the challenged action is too short in duration to be litigated before its cessation or expiration; and (2) there is a reasonable expectation that the

same complaining party would face the same action again. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

In the immigration context, the Eleventh Circuit has held a habeas petition filed by a deported alien may survive a mootness challenge if the petitioner challenges not only his detention, but also his final order of removal. *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1290 (11th Cir. 2019) (citing *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001) (holding that the time bar on readmission to the United States after applicant's removal satisfied the injury requirement). Here, Petitioner challenges only his continued detention by ICE. Thus, Petitioner's petition is moot. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1243 n.2 (11th Cir. 2002) (distinguishing *Moore*, and finding the case moot, because Soliman, unlike Moore, did not challenge his final order of removal). Since the Court can no longer give Gomez any meaningful relief "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336, 1253.

If Petitioner seeks issuance of certificate of appealability, the Court opines a certificate of appealability is not warranted. Petitioner cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ), or that "the issues presented were 'adequate to deserve

3

encouragement to proceed further.' " *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as moot**.

2. Petitioner is denied a certificate of appealability.

3. The Clerk shall enter judgment, terminate any pending motions and deadlines and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 27, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record